**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**JOSEPH EUGENE HOWARD,**

      **Petitioner,**

**v.**                                **Civil Action No. 5:08cv112**
                                                    **(Judge Stamp)**

**DAVID BALLARD, Warden,**

      **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I.  Petitioner's Federal Habeas Proceedings

On July 8, 2008, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  (Dckt. 1.)  On July 16, 2008, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not warranted at that time.  Dckt. 6.  Thus, the respondent was directed to show cause why the petition should not be granted.  *Id.*

On September 12, 2008, the respondent filed an Answer (Dckt. 10) and a Motion for Summary Judgment (Dckt. 11).  Because the petitioner is proceeding *pro se*, the Court issued a Roseboro Notice on September 16, 2008.  (Dckt. 15.)  The petitioner filed a response to the respondent's motion (Dckt. 19),  his own Motion for Summary Judgment (Dckt. 20), and a reply to the respondent's answer (Dckt 21), on October 6, 2008.

On March 24, 2009, the petitioner requested permission to amend his reply to the respondent's response.  (Dckt. 23.)  That motion was granted (Dckt. 24) and the petitioner filed his amended reply on April 9, 2009 (Dckt. 26).

### II.  Factual and Procedural History

**A. Petitioner's Conviction and Sentence**

In the April 2003 term, a Pocahontas County grand jury indicted the petitioner on one count of Burglary and one count of Grand Larceny. Respondent's Motion (Dckt. 11) at Ex. 1. A jury convicted the petitioner of both counts on July 24, 2003. Resp't Ex. 2.

On August 1, 2003, the State filed a recidivist information against the petitioner. Resp't Ex. 3. A jury found the petitioner guilty on the recidivist information on February 18, 2004. Resp't Ex. 4. As a result, the petitioner was sentenced to life in the penitentiary. Resp't Ex. 5.

**B. Petitioners' Direct Appeal**

Petitioner filed a direct appeal of burglary and grand larceny conviction on September 20, 2004. Resp't Ex. 6. On appeal, the petitioner raised the following assignments of error:

(1) Did the trial Court err in finding a statement by the defendant admissible?

(2) Did the trial Court err in allowing the owner of the property to testify as to its value?

(3) Did the trial Court err in not elaborating and/or responding to a jury question?

*Id*.

The petitioner's appeal was refused on January 20, 2005. *Id*.

The petitioner also appealed his recidivist conviction on September 20, 2004. Resp't Ex. 7. On appeal of that conviction, the petitioner alleged the following assignments of error:

(1) Whether a trial court properly admits evidence of out-of-state convictions for enhancement purposes under the habitual criminal statute where the out-of-state convictions were not properly authenticated as defined by West Virginia Code § 57-1-12?

(2) Whether a trial court has jurisdiction to impose a life sentence under the habitual criminal statute where the State fails to prove beyond a reasonable doubt that the defendant was

afforded effective assistance of counsel on the underlying out-of-state conviction on which the enhanced sentence is based?

(3) Whether a trial court properly denies a directed verdict in favor of a defendant in a recidivist proceeding where the State fails to introduce into evidence the statutory authority supporting an underlying out-of-state conviction?

*Id*.

The petitioner's recidivist appeal was refused on January 20, 2005. *Id.*

## C. Petitioner's State Habeas Petition

The petitioner filed a state habeas petition with the Circuit Court of Pocahontas County on April 17, 2008, which raised thirty-six (36) grounds for relief. Resp't Ex. 8, 9. At his omnibus evidentiary hearing, the petitioner withdrew grounds 1-4, 8-21, 25-30 and 32-36. Resp't Ex. 9 at 3-6. Thereafter, the state court considered only the following grounds for relief:

Ground Five: denial of due process right to fair trial and equal protection of the laws of the state, by permitting a jury instruction on Grand Larceny that included the values of property.

Grounds Six and Seven: denial of due process right to a fair trial and equal protection of the laws of the state, by permitting testimony that the vehicle was stolen.

Ground Twenty-Two: denial of due process right to a fair trial and equal protection by withholding of statements favorable to the Petitioner.

Grounds Twenty-Three and Twenty-Four: denial of due process right to fair trial and equal protection by using perjured testimony.

Ground Thirty-One: ineffective assistance of counsel by failure to request prior written statement; failure to investigate; failure to cross examine and impeach state's witness Argile

C. Arbogast as to failure to move for impeachment, failure to make witness available, failure to object to value of property; failure to cross examine and impeach state's witness Sheriff Robert R. Alkire; failure to raise hearsay of Danny Ross on direct appeal; failure to request in camera hearing, failure to object to 404 (b) evidence; failure to request notice of 404(b) evidence; failure to conduct adequate pre-trial investigation; failure to advise of defense of insanity; failure to investigate Petitioner's competency to stand trial; failure to object to jury charge or raise the issue on appeal; failure to present exculpatory evidence; and failure to effectively make a closing argument.

*Id.* at 6-8.

The petitioner's state habeas petition was denied on February 6, 2008. *Id.*

**D.   Petitioner's State Habeas Appeal**

The petitioner appealed the denial of his state habeas petition on April 17, 2008. Resp't Ex. 10. On appeal, the petitioner claimed the following assignments of error:

(1) The trial court's instruction on Grand Larceny shifted the burden and violated the petitioner's right to presumption of innocence.

(2) The petitioner was denied a fair trial where state witnesses gave 404(b) and bad character evidence against him.

(3) The petitioner's right to trial by an impartial jury was violated where Pocahontas County Sheriff Robert A. Alkire had improper contacts with the jury.

(4) The prosecution knowingly used perjury to convict the petitioner.

(5) The petitioner's lawyer was ineffective when he failed to object to the faulty grand larceny charge; the 404(b) and bad character evidence; and the improper jury contacts as

mention in grounds 1, 2, and 3.

(6) Petitioners' counsel was ineffective on direct appeal.

(7) Counsel's ineffectiveness is cause for excusing procedural defaults.

*Id.*

The petitioner's appeal was refused on June 17, 2008. *Id.*

### III.   Contentions of the Parties

#### A.   Petitioner's Federal Habeas Petition

In his federal habeas petition, the petitioner specifically asserts the following grounds for

relief:

(1) he was denied his right to presumption of innocence on Grand Larceny;

(2) he was denied a fair trial by introduction of 404(b) evidence;

(3) his right to trial by an impartial jury was violated; and

(4) the prosecution knowingly used perjury to convict him of Burglary and Grand Larceny.

Petition (dckt. 1) at 5-9.

In support of his request, the petitioner attaches a copy of a memorandum  he filed in his

state habeas appeal. *Id*. at Att. A.  Moreover, at the conclusion of petitioners' specific ground four,

he asserts "Also, see attachment A, pages 33-40 for additional grounds."  Petition at 11.  On pages

33-40 of petitioners' attachment A, the following grounds are raised:

(5) the petitioner's lawyer was ineffective when he failed to object to the faulty grand

larceny jury charge; the 404(b) and bad character evidence; and the improper jury contacts

mentioned in grounds 1, 2, and 3 above and raised on direct appeal;

(6) the petitioner's lawyer was ineffective on direct appeal; and

(7) counsel's ineffectiveness is cause for excusing procedural defaults.

## B.   The Respondent's Answer and Motion

The respondent denies that any violation of the petitioner's rights has occurred.  Moreover, in support of his summary judgment motion, the respondent asserts that federal relief is available only for claims of constitutional dimension.  Therefore, to the extent that the petitioner's claims allege violations of state law, the respondent argues that those claims are not cognizable on federal habeas review.  Additionally, the respondent asserts that the petitioner has failed to demonstrate that he is entitled to relief on any of his claims and therefore, requests judgment as a matter of law.

## C.   The Petitioner's Replies and Responses

In response to the respondent's answer and motion to dismiss, the petitioner argues that the respondent has made numerous misstatements of fact related to the petitioner's case and that the respondent has failed to show that he is entitled to judgment as a matter of law.  In addition, the petitioner reargues the basis for his claims and reiterates his belief that he is entitled to habeas relief.

## D.   The Petitioner's Motion for Summary Judgment

In his motion for summary judgment, the petitioner asserts the respondent has misstated the facts related to the petitioner's case and failed to raise any genuine issue of material fact to the claims made in the petition.  Memorandum (dckt. 20-2) at 3.  Therefore, the petitioner asserts that the respondent has "null and voided all Rules and Caselaw that he has cited in relation to the petitioners' (sic) claims, (sic) because Rules and Caselaw cannot, in any sense, be applied to distortions and misstatements of facts."  *Id*.  Therefore, because his claims are "genuine and well-pled," the petitioner asserts that the Court must accept as true, all material facts alleged by the petitioner and summary judgment should be granted in his favor.  *Id*. at 2-3.

### E.   The Petitioner's Amended Reply

In his amended reply, the petitioner clarifies, explains or elaborates on several of the points made in his reply.  The petitioner specifically corrects his mistaken understanding of some of the caselaw he cited and corrects some mistaken citations from those cases.  Otherwise, the petitioner's amended reply is merely a reiteration of his prior arguments.

## IV.   Standards of Review

### A.   Summary Judgment

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases.  See Blackledge v. Allison, 431 U.S. 63, 80 (1977).  So too has the Fourth Circuit Court of Appeals.  Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991).  Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party.  Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990).  However,  the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]."  Id.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir 1987).

Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather then encourage mere speculation. <u>Anderson</u>, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-588 (1986).

**B.   Federal Habeas Review Under 28 U.S.C. § 2254**

Notwithstanding the standards which govern the granting of a motion for summary judgment, the provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper. Title 28 U.S.C. § 2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Regardless, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). However, the federal court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); <u>see</u> <u>also</u> <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).

The Fourth Circuit Court of Appeals has determined that "the phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims

that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999). When a state court summarily rejects a claim and does not set forth its reasoning, the federal court independently reviews the record and clearly established Supreme Court law. Bell v. Jarvis, 236 F.3d 149 (4th Cir.) cert. denied, 524 U.S. 830 (2001)(quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)). However, the court must still "confine [it's] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158.

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently that this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. "An unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

When a petitioner challenges the factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.'" 28 U.S. C. § 2254(d)(2). In reviewing a state court's ruling on post-conviction relief, "we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

However, habeas corpus relief is not warranted unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Richmond v. Polk, 375 F.3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, supra.

Here, the petitioner's claims were presented to the courts of the State. Accordingly, the State's findings of fact and conclusions of law are due the appropriate deference.

## V.   Analysis

Although *pro se* petitions are to be liberally construed as set forth in Haines v. Kerner, 404 U.S. 519 (1972), habeas petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849 (1994). "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 75, n. 7 (1977) (internal quotations omitted). A habeas petitioner must come forth with evidence that a claim has merit. Nickerson v. Lee, 971 F. 2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993). Unsupported, conclusory allegations do not entitle a habeas petitioner to relief. *Id.*

## A.   Grounds One Through Four

### 1.   Ground One - Jury Instructions on Grand Larceny

In ground one, the petitioner asserts that in the jury instructions for grand larceny, the trial court  stated the value of the stolen items as estimated by the victim in the case. According to the petitioner, the charge specifically read:

> Before the Defendant, Joseph Eugene Howard, can be convicted of Grand
> larceny, the State of West Virginia must overcome the presumption that the

> Defendant . . . is innocent and prove to the satisfaction of the jury beyond a reasonable doubt that;
>
> 1. the Defendant . . .
> 2. in Pocahontas County, West Virginia,
> 3. on or about the 13th date of April, 2002,
> 4. did unlawfully and feloniously steal, take and carry away,
> 5. one Model 250-3000 savage, of a value of $400.00; one Leopold Rifle scope, 3x7, of a value of $300.00; one Ruger .44 semi-automatic, of a value of $350.00; one Cole .38 Revolver, police special, of a value of $300.00; two ICOM hand-held radios, of a value of $500.00; one pair of binoculars, of a value of $150.00; one Remington 870 shotgun, of a value of $500.00; and one-half of a box of .38 special ammunition, valued at $10.00; all of a total value of $2510.00;
> 6. a value of one thousand dollars or more;
> 7. belonging to Argile C. Abrogast . . .

Petition (dckt. 1), Att. A at 4-5 (hereinafter Pet's Att. A) (citing the jury charge at 11-12).

The petitioner asserts that the jury charge, as written, shifts the burden of proof and violates his right to be presumed innocent. *Id.* at 5. In other words, the petitioner asserts that the Court's instruction "clearly told the jury that he was guilty of grand larceny and required the jury to find him not guilty only if he presented evidence to prove his innocence, or that the property at issue was not worth two thousand five hundred and ten dollars." *Id.* at 6.

## 2. Ground Two - 404(b) and Bad Character Evidence

In ground two, the petitioner asserts that the trial court erred by allowing in improper 404(b) and bad character evidence.[1] See State v. McGinnis, 193 W.Va. 147, 455 S.E.2d 516 (1994).[2] In

---

[1] Rule 404(b) of the West Virginia Rules of Evidence allows the admission of evidence of other crimes, wrongs or acts, provided they are admitted for the purpose of showing proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident and that the defendant is given proper notice of the State's intent to admit such evidence. Evidence of other crimes, wrongs or acts is not admissible, however, for purposes of proving the character of a person.

[2] In State v. McGinnis, 455 S.E.2d 516 (W.Va. 1994), the West Virginia Supreme Court addressed the admissibility of evidence under Rule 404(b) of the West Virginia Rules of Evidence and established a specific standard for evaluating an offer of evidence under such rule.

support of this claim, the petitioner asserts that the trial court improperly allowed evidence that the van he had been driving had been stolen. Pet's Att. A at 7. Furthermore, the petitioner complains that Trooper Cooke, from North Carolina, was allowed to testify as to the events leading up to the petitioner's arrest in North Carolina. *Id.* at 7-11. Moreover, the petitioner complains that Trooper Cooke was permitted to testify to getting an "NCIC hit" on the van. *Id.* at 11. The petitioner submits that allowing the witnesses to testify about the fact that the van was stolen and about the circumstances surrounding his arrest in North Carolina, to establish the chain of custody, the Court unwittingly allowed the witnesses to testify as to impermissible Rule 404(b) evidence without the proper procedural safeguards, *i.e*, an in camera hearing to consider the admissibility of that evidence. *Id.* at 11-12.

Next, the petitioner asserts that by allowing Trooper Cooke to testify that he became suspicious of the petitioner because the petitioner was living in an apartment without the owner's permission, and the fact that the petitioner always backed the van into its parking spot, was improper bad character witness. *Id.* at 12. First, the petitioner asserts that this information was false. *Id.* at 12-13. The petitioner asserts that he was a temporary guest of the apartment lessee and that he did not need the owner's permission to stay there. *Id*. at 13. In addition, the petitioner argues that he did not always back the van into its parking spot, and even if he did, that does not necessarily mean that the petitioner intended any ill will by doing so as the Trooper implied. *Id*.

The petitioner concedes that Trooper Cooke's testimony was necessary to show the chain of custody. *Id.* However, the petitioner asserts that all details were not necessary and the Trooper's testimony could have been limited to prevent improper Rule 404(b) and bad character evidence from coming in during Trooper Cooke's testimony. *Id.* at 14. Instead, asserts the petitioner, Trooper

Cooke's testimony showed not only the chain of custody, but also evidence of collateral crimes which improperly influenced the jury. *Id.*

### 3.    Ground Three - Sheriff's Alleged Improper Contact With Jury

In ground three, the petitioner asserts Sheriff Robert Alkire ("Sheriff Alkire"), was the investigating officer in his case and the prosecution's key witness. Pet's Att. A at 14-15. Accordingly, the petitioner asserts that it was improper for Sheriff Alkire to act as bailiff at his trial. *Id.* at 15. In support of this claim, the petitioner asserts that the Sheriff's interaction and contact with the jury violated his right to a fair trial by an impartial jury. *Id.*

Moreover, the petitioner asserts that on the first day of trial, he observed several of the jurors get into Sheriff Alkire's patrol vehicle, while other jurors got into their own cars. *Id.* The petitioner then asserts that a procession of cars left the parking lot, with the jurors following Sheriff Alkire's vehicle. *Id.* This, combined with a statement made by the prosecutor during opening statements,[3] leads the plaintiff to surmise that the jurors were taken on a "jury view" of the victim's house. *Id.* at 15-16.

### 4.    Ground Four - Prosecution's Knowing Use of Perjury

In ground four, the petitioner asserts that he was originally charged with Entering Without Breaking under W.Va. Code § 61-3-11(b). Pet's Att. A at 16. However, that charge was later changed to Breaking and Entering in the daytime under W.Va. Code § 61-3-11(a). The petitioner asserts that this was done to ensure that a conviction resulted in a recidivist life sentence. *Id.* at 19. In support of this claim, the petitioner asserts that in obtaining an arrest warrant, the Sheriff

---

[3] According to the petitioner, during opening statements, the prosecutor stated: "The events that gives rise to the indictment took place on the 13th of April of last year. On that day in the early part of the day, Argile and Lucille – and you've had a chance to see them and to meet them – <u>were at their residence</u>, . . ." Pet's Att. A at 15 (citing Trial Transcripts at 44) (emphasis in original).

originally told a Magistrate that the petitioner had entered the residence of the alleged victim without breaking and that there was no evidence of forced entry. *Id.* The petitioner asserts that a warrant was issued for breaking without entering because the Sheriff did not present evidence of breaking at the probable cause hearing. *Id.* In addition, the petitioner asserts that the prosecution would not allow the petitioner's defense counsel to go to the victim's home to conduct an investigation into the claims of forced entry. *Id.* Then, the petitioner asserts, the State changed the charge against him to Breaking and Entering, even though the evidence clearly showed that the petitioner was invited into the victim's home. *Id.* Further, the petitioner asserts that the prosecutor allowed the Sheriff to testify at trial that he observed signs of forced entry, directly contradicting what the Sheriff told the Magistrate. *Id.*

Next, the petitioner asserts that his testimony conflicted with the victim's testimony on several key points and that the way in which the prosecution asked its questions shows that the State knew the testimony would differ. *Id.* at 20-33. The petitioner therefore argues that because the State knew that the testimony would be conflicting, the State willingly suborned perjury. *Id.* at 25. Moreover, the petitioner asserts that the State was concerned that it could not convict him on a charge of Entering Without Breaking, so the State changed the charges and "rearranged" the facts to insure a conviction and a recidivist life sentence. *Id.* at 29.

### State Habeas Findings on Grounds One Through Four

With regard to grounds one through four of the instant petition, the state habeas court found that the petitioner failed to raise these issues on direct appeal. Resp't Ex. 9 at 8-9. Moreover, the state court found that the petitioner knowingly and intelligently waived these issues. *Id.* Citing to W.Va. Code § 53-4A-1(c), the state habeas court noted:

14

contention or contentions and the grounds in fact or law relied upon in support thereof shall be deemed to have been waived when the petitioner could have advanced, but intelligently and knowingly failed to advance, such contention or contentions and grounds before trial, at trial, or on direct appeal (whether or not said petitioner actually took an appeal), or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article . . .

See Resp't Ex. 9 (Final Order Denying Petition for Habeas Corpus) at 8.

     a.) Procedural Default

     There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner." Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citing Picard v. Conor, 404 U.S. 270, 276 (1971)). This means that "absent cause and prejudice or a fundamental miscarriage of justice . . . a federal habeas court may not review a claim when a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." Fisher v. Angelone, 163 F.3d 835, 845 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)).

     With regard to procedural default, the United States Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. at 749-750.

     "The assessment of whether a particular state procedure is 'independent and adequate,' so as to bar consideration of the merits of a federal constitutional claim, is a question of federal, not

state, law." Brown v. Lee, 319 F.3d 162, 169 (4th Cir. 2003). " A state rule is 'adequate' if it is firmly established and regularly or consistently applied by the state court, and 'independent' if it does not 'depend[ ] on a federal constitutional ruling." *Id.* at 169 (internal citations omitted). To show cause for a procedural default, a petitioner must demonstrate that the "factual or legal basis for [the] claim was not reasonably available" at the time of the default. Fisher v. Angelone, 163 F.3d 835, 845 (4th Cir.1998).

Claims that are procedurally defaulted cannot be considered in a petition for habeas corpus absent a showing of cause and prejudice or actual innocence. Murray v. Carrier, 477 U.S. 478, 495-496 (1986). "Objective factors that may constitute 'cause' include: (1) 'interference by officials that makes compliance with the State's procedural rule impracticable'; (2) 'a showing that the factual or legal basis for a claim was not reasonably available to counsel'; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel." Wright v. Angelone, 151 F.3d 151, 160 n. 5 (4th Cir. 1998)(citations omitted). To establish prejudice, the petitioner must demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." McCarver v. Lee, 221 F.3d 583, 592 (4th Cir. 2000), cert. denied, 531 U.S. 1089 (2001). To establish actual innocence, "the  petitioner must show that it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327 (1995).

In the petitioner's case, the state habeas court found that grounds one through four of the instant petition were barred from consideration in the petitioner's state habeas proceedings pursuant to a state procedural rule. Resp't Ex. 9 at 9. Therefore, the Court must next examine whether the state procedural rule cited by the state habeas court is an independent and adequate state procedural

rule.

b.) <u>Independent and Adequate State Procedural Rule</u>

West Virginia Code § 53-4A-1(c) is an independent and adequate ground for finding that grounds one through four of the instant petition are procedurally defaulted. The state court did not rely on a federal constitutional ruling and there is no evidence that § 53-4A-1(c) has not been regularly and consistently applied. Thus, this Court is barred from considering the merits of grounds one through four unless the petitioner can show cause and actual prejudice for his default.

c.) <u>Cause and Actual Prejudice</u>

As grounds for his default, the petitioner asserts that counsel was ineffective for failing to raise grounds one through four of the instant petition on direct appeal. *Id.* at 33-34. The petitioner asserts that although counsel filed a direct appeal, counsel raised only three issues: a Miranda violation issue, a hearsay issue, and a jury question issue. *Id.* at 34. The petitioner asserts that instead of raising these meritless arguments, counsel should have argued the issues raised in his state and federal habeas petitions. *Id.* at 34-39. Further, the petitioner asserts that had these other claims been raised, there is a reasonable probability that his conviction would have been overturned on appeal. *Id.* at 39. Thus, the petitioner asserts that counsel was ineffective and that such ineffectiveness establishes cause and actual prejudice for his default. *Id.* at 37, 39.

With regard to ineffective assistance of counsel claims, counsel's conduct is measured under the two part analysis outlined in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. In reviewing the reasonableness of counsel's performance, "judicial scrutiny must be highly deferential." *Id.* at 689-90. In fact, reviewing courts must accord appellate counsel the

"presumption that he decided which issues most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993).

Second, if the Court finds that counsel's performance was unreasonable, the petitioner must then demonstrate that he was prejudiced. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is "sufficient to undermine confidence in the outcome." Id.

The Sixth Amendment does not require appellate attorneys to press every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). Neither is appellate counsel required to raise every colorable claim on appeal. Id. at 754. To the contrary, "[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotations omitted). Therefore, counsel has great latitude to decide what issues to press on appeal, Cole v. Branker, 2008 WL 5999766 *9 (4th Cir. 2008), because "[a] brief that raises every colorable issue runs the risk of burying good arguments." Jones v. Barnes, 463 U.S. at 753. Additionally, when arguing that counsel failed to raise a specific claim on appeal, it is particularly difficult to overcome the presumption of effectiveness because the petitioner must show that the ignored claim was clearly stronger than those counsel did present. Smith v. Robbins, 528 U.S. 259, 288 (2000) (citing Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)).

In this case, the petitioner has not overcome the presumption that appellate counsel merely "winnowed" out the weaker arguments on appeal to focus on those that he felt were more likely to prevail. The petitioner notes that appellate counsel was not successful on appeal and that the claims

raised by counsel on appeal were therefore, meritless. However, the court is not persuaded by this argument. The fact that appellate counsel was ultimately unsuccessful on the grounds raised, does not establish that he was ineffective for raising those issues over others.

In addition, the petitioner has failed to show that the "ignored" claims were *clearly stronger* than those raised. At best, the petitioner has shown that these claims could have been raised on direct appeal, not that they should have been raised, or that they were more meritorious than those presented. Moreover, the petitioner has failed to show that, but for counsel's failure to raise other issues on appeal, the result of that proceeding would have been different. Accordingly, the petitioner has failed to establish that counsel was ineffective on appeal so as to show cause and actual prejudice for his procedural default of grounds one through four.[4]

## B.   Ground Five - Ineffective Assistance of Trial Counsel

In ground five, the petitioner asserts that his lawyer was ineffective when he failed to object to the faulty grand larceny jury charge; the 404(b) and bad character evidence; and the improper jury contacts mentioned in grounds 1, 2, and 3 above and raised on direct appeal.

As noted above, the effectiveness of counsel is measured under the two part analysis outlined in Strickland v. Washington, *supra*. First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. In reviewing the reasonableness of counsel's performance, "judicial scrutiny must be highly deferential." *Id.* at 689-90. Second, if the Court finds that counsel's performance was unreasonable, the petitioner must then demonstrate that

---

[4] Moreover, the undersigned notes that the petitioner does not allege that a miscarriage of justice will occur if the Court does not consider the merits of grounds one through four. Nor has the petitioner established that he is actually innocent of the crimes. In fact, the petitioner admitted at trial that he stole some of the missing items from the victim. When and how much was taken, and the value of those items, was a question for the jury to decide. The jury decided those issues against the petitioner and the petitioner has provided no new evidence which would undermine confidence in the jury's decision.

he was prejudiced.  In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694. A reasonable probability is one that is "sufficient to undermine confidence in the outcome."  *Id.*

With regard to this claim, the state habeas court found:

> To determine if a Defendant received ineffective assistance of counsel; the West Virginia Supreme Court has adopted the two-prong test established by the United States Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 688 (1984).  This test requires a showing that (i) counsel's performance was deficient under an objective standard of reasonableness; and (ii) there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different. Syl. Pt. 5, <u>State v. Miller</u>, 194 W.Va. 3, 459 S.E.2d 114 (1995).
>
>     9.  In applying this standard to the instant case, this Court concludes that Petitioner is not entitled to relief on this ground.  There is a presumption favoring effectiveness of counsel, and an attorney's conduct only fails the objective standard of reasonableness if, 'in light of all the circumstances, the identified acts or omissions were outside the broad range of professional competent assistance . . .' Syl. Pt. 3, <u>State ex rel. Wensell v. Trent</u>, 218 W.Va. 529, 625 S.E.2d 291 (2005).   Moreover, where a counsel's performance involves strategy, tactics and arguable courses  of action, however, his conduct will be deemed effective unless no reasonably qualified defense attorney would have so acted in the defense of the accused.  Syl. Pt. 21, <u>State v. Thomas</u>, 157 W.Va. 640, 203 S.E.2d 445 (1974).  Accordingly, in light of all the circumstances and the strong presumption in favor of effectiveness, this Court is satisfied that counsel's performance was within the 'wide range' of constitutionally acceptable conduct, and thus, was reasonable and adequate.

Resp't Ex. 9 at 9-10.

Upon an independent review of the record, the undersigned finds that the state court's adjudication of petitioners' ground five was not contrary to clearly established federal law.  The state court applied the appropriate standard of review to the facts and evidence presented in the state court proceedings.  Additionally, in light of the evidence presented in the state court proceedings, the

undersigned does not believe that the state court's adjudication of ground five involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

In the state's final order denying petitioner habeas relief, the Circuit Court found that "[t]he jury [charge] was proper as it required the jurors to find that the amounts in the indictment were proven beyond a reasonable doubt. Resp't Ex. 9 at 7. Moreover, the state habeas court found that "[t]here was no testimony which attributed a prior bad act to the Petitioner. The N.C.I.C. hit does not show identity, it doesn't show anything but a collateral crime. The Petitioner took the stand and admitted being present. No in-camera hearing was required because Trooper Cook's testimony went to establish chain of custody." *Id.* Thus, by finding that the petitioner's underlying claims had no merit, the state court essentially found that counsel could not have been ineffective for failing to object to these grounds. The undersigned agrees. For the reasons set forth by the state court in its findings of fact, the jury charge was not improper; bad character evidence was not used against the petitioner at trial; and Trooper Cook's testimony was not 404(b) evidence, but testimony with respect to the chain of evidence. Therefore, because the petitioner has failed to show that his underlying grounds have merit, the petitioner cannot show that counsel was ineffective for failing to object.

## C.   Ground Six - Ineffective Assistance of Appellate Counsel on Direct Appeal

In ground six, the petitioner asserts that his attorney was ineffective for failing to raise on appeal the issues he presented in his state and federal habeas petitions. However, there is no constitutional right to an appeal from a criminal conviction. Jones v. Barnes, 463 U.S. at 751.

Further, in West Virginia, although an appeal process exists, whether an appeal is granted in within the discretion of the West Virginia Supreme Court of Appeals.  Billotti v. Doddrill, 394 S.E. 2d 32, 39-40  (W.Va. 1990).  Further, the United States Supreme Court has held that there is no constitutional right to counsel for discretionary review.  Wainwright v. Torna, 455 U.S. 586 (1982).  Thus, because appeals are discretionary in West Virginia, and there is no constitutional right to counsel in a discretionary appeal, a West Virginia criminal defendant has no viable claim of ineffective assistance of counsel regarding his appellate counsel.

## VI.    Recommendation

For the reasons set forth in this Opinion, it is recommendation of the undersigned that the respondent's Motion for Summary Judgment (Dckt. 11) be **GRANTED,** the petitioner's Motion for Summary Judgment (Dckt. 20) be **DENIED** and the petitioner's § 2254 petition (Dckt. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any  objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

 The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the

docket, and to counsel of record via electronic means.

DATED: May 26, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE