IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH EUGENE HOWARD,

    Petitioner,

v.                                          Civil Action No. 5:08CV112
                                                        (STAMP)

DAVID BALLARD, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The pro se[1] petitioner, Joseph Eugene Howard, was convicted on July 24, 2003, of one count of burglary and one count of grand larceny in the Circuit Court of Pocahontas County, West Virginia. Thereafter, on February 18, 2004, the petitioner was found guilty of a recidivist information. As a result, the petitioner was sentenced to life imprisonment. The petitioner filed direct appeals of both his burglary and grand larceny conviction, as well as his recidivist conviction, to the Supreme Court of Appeals of West Virginia. Both direct appeals were refused.

The petitioner then filed a state habeas petition with the Circuit Court of Pocahontas County raising thirty-six grounds for relief. This state habeas petition was denied. The petitioner

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

appealed the denial of his state habeas petition, which was later refused.

The petitioner then filed the current petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. This matter was referred to United States Magistrate Judge John S. Kaull for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. In response to a show cause order, the respondent filed an answer, as well as a motion for summary judgment. The petitioner filed a response to the motion for summary judgment to which the respondent did not reply. The petitioner also filed a motion for summary judgment.

On May 26, 2009, Magistrate Judge Kaull issued a report and recommendation recommending that the respondent's motion for summary judgment be granted, the petitioner's motion for summary judgment be denied, and the petitioner's § 2254 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendation within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner filed timely objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

2

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections in this case, the Court will undertake a de novo review.

## III. Discussion

The petitioner raises seven grounds for relief in his § 2254 petition: (1) he was denied his right to presumption of innocence on grand larceny; (2) he was denied a fair trial by introduction of Rule 404(b) evidence; (3) his right to trial by an impartial jury was violated; (4) the prosecution knowingly used perjury to convict him of burglary and grand larceny; (5) his counsel was ineffective when he failed to object to the faulty grand larceny charge, the Rule 404(b) and bad character evidence, and improper jury contacts; (6) his counsel was ineffective on direct appeal; and (7) his counsel's ineffectiveness is cause for excusing procedural defaults. This Court discusses each of these in turn.

A. Grounds One Through Four

Title 28, United States Code, Section 2254(b) provides that absent a valid excuse, a state prisoner must exhaust his remedies in state court before pursuing federal habeas review. To exhaust

state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997). Until the state has been given the opportunity to consider the issue and afford a remedy if relief is warranted, "federal courts in habeas proceedings by state prisoners should stay their hand." Durkin v. Davis, 538 F.3d 1037, 1041 (4th Cir. 1976) (quoting Gilstrap v. Godwin, 517 F.2d 52, 53 (4th Cir. 1975)). The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). However, the federal court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). The phrase "'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999).

Nevertheless, habeas corpus relief is not warranted unless the constitutional error at trial had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Richmond v. Polk, 375 F.3d 309 (4th Cir. 2004). Accordingly, "[u]nder this standard, habeas

4

petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in an 'actual prejudice.'" Brecht, 507 U.S. at 637.

With regards to Grounds One through Four, the state habeas court found that the petitioner failed to raise these issues on direct appeal and therefore knowingly and intelligently waived such issues pursuant to West Virginia Code § 53-4A-1(c). "[A]bsent cause and prejudice or a fundamental miscarriage of justice . . . a federal habeas court may not review a claim when a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." Fisher v. Angelone, 163 F.3d 835, 845 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-732 (1991)).

"A state rule is 'adequate' if it is firmly established and regularly or consistently applied by the state court, and 'independent' if it does not "depend[] on a federal constitutional ruling." Brown v. Lee, 319 F.3d 162, 169 (4th Cir. 2003). Here, the state habeas court did not rely on a federal constitutional ruling, but rather found that Grounds One through Four were procedurally barred pursuant to West Virginia Code § 53-4A-1(c). This Court, therefore, cannot consider the merits of Grounds One through Four unless the petitioner can show cause and actual prejudice for his default.

In his federal habeas petition, and as grounds for his default, the petitioner claims that counsel was ineffective for failing to raise Grounds One through Four on direct appeal. Such ineffectiveness, the petitioner asserts, establishes cause and actual prejudice for his default. The magistrate judge, in his report and recommendation, found that the petitioner failed to establish that counsel was ineffective on direct appeal so as to show cause and actual prejudice for his procedural default of these grounds. This Court agrees with the magistrate judge's recommendation.

"Objective factors that may constitute 'cause' include: (1) 'interferences by officials that makes compliance with the State's procedural rule impracticable'; (2) 'a showing that the factual or legal basis for a claim was not reasonably available to counsel'; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel." Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (citations omitted). To establish prejudice, the petitioner must demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." McCarver v. Lee, 221 F.3d 583, 592 (4th Cir. 2000), cert. denied, 531 U.S. 1089 (2001).

This Court finds that the petitioner has failed to satisfy the two-pronged analysis provided by Strickland v. Washington, 466 U.S. 668 (1984), to establish a right to an amended sentence or new

6

trial based upon ineffective assistance of counsel. Id. at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance). Counsel need not assert all nonfrivolous issues on appeal, Jones v. Barnes, 463 U.S. 745, 750 (1983), but is entitled to a presumption that he decided which issues would be most successful on appeal. Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). The Supreme Court has recognized that

> [l]egal contentions, like the currency, depreciate through over-issue. The mind of an appellate judge is habitually receptive to suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one . . . [E]xperience on the bench convinces me that multiplying assignments of error will dilute and weaken a good case and will not save a bad one.

Barnes, 463 U.S. at 752 (quoting Jackson, Advocacy Before the Supreme Court, 25 Temple L.Q. 114, 119 (1951)). Nevertheless, although difficult to prove, a petitioner may still bring a Strickland ineffective assistance of counsel claim on appeal. Smith v. Robbins, 528 U.S. 259, 288 (2000). "[O]nly when ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome." Id.

In this case, the petitioner fails to demonstrate that Grounds One through Four are clearly stronger, or have greater merit, than those issues counsel ultimately chose to raise. Furthermore, the petitioner has not shown that but for counsel's decision to raise

7

other issues on appeal, the result of the proceeding would have been different. Accordingly, Grounds One through Four of the petitioner's § 2254 petition must be denied.

B. Ground Five

The petitioner asserts in Ground Five of his petition that his counsel was ineffective for failing to object to the faulty grand larceny charge, the Rule 404(b) and bad character evidence, and improper jury contacts. The state habeas court found that, in light of Strickland and West Virginia case law, that counsel's performance was constitutionally acceptable, reasonable and adequate, and did not support a claim for ineffective assistance of counsel. Upon an independent review, the magistrate judge held that the state court's adjudication of Ground Five was not contrary to clearly established federal law or resulted in a decision based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

This Court affirms and adopts the magistrate judge's recommendation that Ground Five lacks merit. In denying the petitioner habeas relief, the state habeas court found that "[t]he jury [charge] was proper as it required the jurors to find that the amounts in the indictment were proven beyond a reasonable doubt." (Resp't's Mot. Summ. J. Ex. 9). Furthermore, the state court found that "[t]here was no testimony which attributed a prior bad act to the Petitioner . . . ." Id. Thus, because the petitioner's claims had no merit, the state court found that counsel could not have

8

been ineffective for failing to object to these grounds. After a <u>de novo</u> review of the record and the parties' pleadings, this Court agrees that the petitioner cannot show that counsel was ineffective for failing to object because the underlying grounds lack merit. Thus, Ground Five must faill.

C. <u>Ground Six</u>

In Ground Six of his petition, the petitioner asserts that counsel was ineffective for failing to raise on appeal the issues that he presented in his state and federal habeas petitions. The magistrate judge held that because a West Virginia criminal defendant has no viable claim of ineffective assistance of counsel regarding his appellate counsel, that Ground Six must be dismissed. Based upon a <u>de novo</u> review, this Court agrees with the recommendation of the magistrate judge.

There is no right under the United States Constitution to an appeal from a criminal conviction. <u>Barnes</u>, 463 U.S. at 745. In West Virginia, whether an appeal is granted is within the discretion of the West Virginia Supreme Court of Appeals. <u>Billotti v. Doddrill</u>, 394 S.E.2d 32, 39-40 (W. Va. 1990). Furthermore, the United States Supreme Court has held that there is no constitutional right to counsel for discretionary review. <u>Wainwright v. Torna</u>, 455 U.S. 586 (1982). Thus, because there is no constitutional right to counsel in a discretionary appeal, the petitioner has no viable claim of ineffective assistance of counsel regarding his appellate counsel.

IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper, and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the respondent's motion for summary judgment is GRANTED, the petitioner's motion for summary judgment is DENIED, and the petitioner's § 2254 petition is DENIED and DISMISSED WITH PREJUDICE. It is further ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record

herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: June 29, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE